# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KEVIN LEWIS PRESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-283 |
| | ) | |
| OFFICER B. GODFREY; | ) | |
| OFFICER J. MEADOWS, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Proceeding pro se, Kevin L. Prescott previously obtained leave from this Court to proceed *in forma pauperis*, doc. 2, so that he may file a 42 U.S.C. § 1983 case against two police officers for violating his Fourth Amendment rights. Doc. 3. In granting him such leave, however, the Court noted from a state court record that Prescott had recently pled guilty to and thus stood convicted of "elder abuse," receiving a sentence of five years' probation. *Id.* at 1-2. Thus, while he may have been jailed when he filed this case, this perhaps was no longer true. Still, he filed a form § 1983 complaint "to be used by prisoners" and provided his prison

number on his IFP petition. Doc. 1 at 1; doc. 2 at 2.

In any event, the Court then set aside any issue whether he exhausted the Prison Litigation Reform Act's (PLRA's) administrative exhaustion requirements[1] and further screened his Complaint to determine whether it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at 2. Prescott, the Court noted, sought damages for alleged violations of his Fourth and Fourteenth Amendment rights. Doc. 1 at 5-7, 8. He stated that

> officers came to the house [and] had no warrant for plaintiff's arrest[. They] requested entry[,] were denied entry and saw no crime committed in their direct presence[. They] were asked for [a] search warrant [and they] stated that they did not require one[, then] entered and searched [plaintiff's] house[,] col[l]ected evidence and arrested plaintiff.

Doc. 1 at 6; *see also id.* at 7 (alleging that the officers came to

---

[1] As another court explains:

> Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997 e(a) (1996)) mandates federal prisoners exhaust their administrative remedies prior to filing civil actions in federal court. *See, e.g., Booth v. Churner*, 532 U.S. 731, 733-734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Exhaustion is required for, "[a]ll action [s] ... brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

*Joseph v. Pastrana*, 2009 WL 1851095, *1 (S.D. Fla. Jun. 29, 2009).

"defendant's home," gained access to his home, and arrested him there after searching it). Construing his complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Prescott thus alleged, the Court determined, that (a) the two defendant police officers searched his home without a warrant; (b) a warrant was required; (c) the search yielded evidence against him; (d) that evidence was used to: (i) justify his arrest at or inside his home; and (ii) obtain his conviction. Doc. 3 at 3.

For relief Prescott sought $450,000 in damages and asked this Court to "suppress [the] evidence illegally obtained in violation of the fourth and fourtee[n]th amendment of the constitution of the United States of America under color of law." Doc. 1 at 9. In that "suppression" relief obviously would not affect his money damages claim, it would be fairly construed as a challenge to the prosecution against him. Doc. 3 at 4. Finally, he asked this Court to direct the Savannah police department to institute a Bill of Rights "training program," certify that its officers were so trained, and then "revoke" the certifications of the officers who wronged him. Doc. 1 at 8.

But the Court was unable to analyze Prescott's case because it lacked critical information. *Id.* at 4. In fact, it took only *judicial notice*

3

of a state court record, Fed R. Evid. 201, which is attached here, then noted that Prescott failed to say what charges he is talking about. *Id.* His "elder abuse" conviction, for example could be unrelated to the arrest of which he complains, though the January 16, 2010 date supplied in his Complaint (doc. 1 at 7) jibed with the attached state court record, and tended to support that conclusion. *Id.*

That information was relevant to the classification of plaintiff's claims, *see, e.g., Gipson v. Jefferson County Sheriff's Office*, 613 F.3d 1054, 1056-57 (11th Cir. 2010), and whether they were, for example, barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Compare Hughes v. Lott*, 350 F.3d 1157, 1160-61 (11th Cir. 2003) (allowing a plaintiff convicted of burglary to bring a § 1983 claim for a Fourth Amendment search and seizure violation in the face of *Heck* challenge) *with Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (detainee's civil rights conspiracy claim, alleging that police officers conspired to alter evidence and conceal excessive force allegedly used against detainee so that they could sabotage his criminal trial, was *Heck* barred, where detainee's success on the conspiracy claim would impugn the validity of detainee's battery conviction, since the conspiracy claim asserted that the

officers' unconstitutional conduct caused him to be convicted of that charge).

The Court thus gave Prescott 21 days to file an amended Complaint clarifying his claims and curing these defects. Specifically, it directed him

> to state whether the officers' alleged unlawful entry and search of his home led to the discovery of evidence relevant to his prosecution and conviction of elder abuse or whether that evidence pertained to his prosecution for some other crime. If the evidence seized during the search of his residence led to the prosecution of some crime other than elder abuse, then Prescott is directed to state the nature of that prosecution and whether it is still pending or has been terminated through a conviction, acquittal, or dismissal.

Doc. 3 at 5.

In response, Prescott moves the Court to continue his case. Doc. 4. The body of his motion, presented here in unedited form, says he seeks to

> amend said 1983 grievance + 42 in a proper manner also of note court states that Plaintiff gave no legal federal or case law. This is in err as the form plainly states that no case law is to be stated. Also court states that Plaintiff does no state what relief is sought. However, in the original Grievance Plaintiff clearly ask that the officer certifications be permanently removed.

Doc. 4 at 1.

The Court **DENIES** Prescott's continuance motion, doc. 4, and, concluding that he has failed to obey the Court's Order (i.e., "state

5

whether the officers' alleged unlawful entry and search of his home led to the discovery of evidence relevant to his prosecution and conviction of elder abuse. . . ."), recommends that his Complaint be **DISMISSED WITH PREJUDICE** as frivolous.

**SO REPORTED AND RECOMMENDED** this 26th day of January, 2011.

_/s/ G.R. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**



# Chatham County
## Court Case Search System

133 Montgomery St.
Savannah, GA 31401

New Search | Contact Information | Map & Directions | S.O.R.T.

## Case Details

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR100861 |
| Case Type: | ELDER ABUSE |
| Judge: | HONORABLE JAMES BASS |
| Style: | State VS PRESCOTT, KEVIN LEWIS |
| Assistant District Attorney: | NATHANAEL WRIGHT |
| Date Filed: | 4/14/2010 |
| Status: | CLOSED |
| Disposition Date: | 1/11/2011 |
| Disposition: | GUILTY PLEA(N) |
| Superior Court Fines: | Check for Court Fines |

### Defendant Information
| | |
|---|---|
| DIN: | S0077809 |
| Name: | PRESCOTT, KEVIN LEWIS |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 67 |
| Weight: | 285 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

### Attorney Information
MICHELLE TAYLOR - 540 East Oglethorpe Ave  Savannah  GA  31401

### Bondsman Information
SASEEN BONDING CO
1061 CARL GRIFFIN DR STE 101   SAVANNAH  GA  31405

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-5-100 | CRUELTY TO PERSON 65 YOA OR OLDER | 1 | FELONY | 4/12/2010 | Guilty Plea Negotiated 12/13/2010 |

| Sentencing Details: | Description | Fine | Duration |
|---|---|---|---|
| | | $0.00 | 5 Years - PROBATION |
| | DAT | $0.00 | - WAIVED FOURTH ADMENDMENT RIGHTS |
| | CRIME LAB FEE | $50 | $50.00 - OTHER |
| | | $400 | $400.00 - ATTORNEY FEE |

### Proceedings
| Code | Date | Time | Action | Judge | Details | Docs |
|---|---|---|---|---|---|---|
| CASE DISPOSED | 1/11/2011 | | GUILTY PLEA NEGOTIATED | HONORABLE JAMES BASS | Case Disposed GN | |
| SENTENCE ORDER | 1/11/2011 | | | | | |
| PETITION FOR NEG PLEA/VOL TRN/INDICTMENT | 12/13/2010 | | | | | |
| MOTION HEARING (MTH) | 12/13/2010 | 3:00PM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| JURY TRIAL | 12/13/2010 | 10:00AM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| MASTER LIST FOR WITNESSES | 12/9/2010 | | | | | |
| MOTION - TO SUPPRESS- JACKSON D | 12/7/2010 | | | | | |
| STATE"S DISCOVERY DISCLOSURE | 11/18/2010 | | | | WITNESSES LIST/NOTICE OF RECIDIVIST PROSECUTION/NOTICE OF INTENT TO INTRODUCE IN AGGRAVATION/ | |
| PRETRIAL CONFERENCE | 10/21/2010 | 2:00PM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| PRETRIAL HEARING | 9/20/2010 | 10:30AM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| CRIMINAL BOND | 8/13/2010 | | | | SASEEN BONDING CO./ | |
| PLEA HEARING - OPEN ENDED | 7/22/2010 | 10:00AM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| BOND ORDER | 7/21/2010 | | | | ORDER FOR BOND GRANTED 3500.00/ | |
| PRO SE LETTER RECEIVED | 6/21/2010 | | | | TO ATTY MICHELLE TAYLOR/ | |
| PETITION FOR BOND/NISI | 6/21/2010 | | | | FILED BY ATTY MICHELLE TAYLOR HEARING 6-24-2010 @ 8:45AM/ | |
| CALENDAR CALL | 6/21/2010 | 11:00AM | CANCELLED EVENT - CL | HONORABLE JAMES BASS | | |
| PETITION FOR BOND/NISI | 6/8/2010 | | | | FILED BY ATTY MICHELLE TAYLOR HEARING 6-11-2010 @ 8:45AM/ | |
| CONSOLIDATED MOTIONS PACKAGE | 6/3/2010 | | | | | |
| PETITION FOR BOND/NISI | 6/1/2010 | | | | PETITION FILED BY ATTY MICHELLE TAYLOR HEARING 6-7-2010 @9:15AM/ | |

| | | | | | |
|---|---|---|---|---|---|
| PRO SE LETTER RECEIVED | 5/25/2010 | | | | |
| BENCH WARRANT EXECUTED | 5/11/2010 | | | | |
| BENCH WARRANT ISSUED | 5/6/2010 | | | | |
| PRO SE LETTER RECEIVED | 4/28/2010 | | | | |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 4/28/2010 | | | | |
| PRO SE LETTER RECEIVED | 4/21/2010 | | | | |
| SCREENING | 4/15/2010 8:18:04 AM | | | | Initial Case Screening / Scanning |
| ENTRY OF APPEARANCE | 4/15/2010 | | | | APPEARANCE ATTY MICHELLE TAYLOR/ |
| INDICTMENT | 4/14/2010 | | | | |

New Search

Chatham County Court Case Lookup System
133 Montgomery Street, Savannah, Ga 31401

**Disclaimer**